BROWN (CORCORAN v.). See Case No. 3,-226.

BROWN (CRAIG v.). See Cases Nos. 3,326-3,330.

---

## Case No. 2,000.

### BROWN v. CURTIS.

[5 Mason, 421.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1829.

PARTNERSHIP—RIGHTS AND REMEDIES INTER SE—LIABILITY OF PARTNER HANDLING PARTNERSHIP ASSETS—BANKRUPTCY.

If a company by the articles of partnership do their business by agents, and among other officers by a treasurer, and one of the partners is appointed treasurer, and afterwards fails, owing the partnership, as treasurer, the company have a right to claim payment of the debt out of the separate estate of such partner in the hands of his assignees. And if the debt is transferred, the same right attaches to the holder.

In equity. Bill [by Alonzo Brown against George Curtis]. The facts were, that in October, 1827, John A. Wadsworth, John Welder, and Joshua B. Wood, entered into a copartnership for making steam-engines, under the firm name of the Providence Steam-Engine Manufacturing Company. The business of the partnership was managed by Wadsworth, as agent of the company, and Wood carried on during the same time the business of a broker in Providence, receiving deposits of money, &c. The articles of partnership provided for the appointment of a general agent to manage the concern, receive monies, and pay the same to the treasurer, make payments, &c. &c. They also provided for the appointment of a treasurer, who was to receive the monies of the company, and to whom the partners were to pay the installments upon the capital stock. Wood failed in May, 1828, having then in his pos-

session, as treasurer, a balance due to the company of $1,190.98, and having made an assignment of all his estate for the benefit of his creditors to the defendant, Curtis. The company failed in August, 1828, and all their property was, with the consent of the defendant, assigned to Messrs. Stanford Newell and Cyrus Dyer, for the benefit of their creditors. In March, 1829, Messrs. Newell and Dyer assigned the debt due from Wood to the company to the plaintiff, for the consideration of $500. The property of the company is insufficient to pay their debts, and the private property of the partners is insufficient to pay their private debts. The object of the bill is, to obtain payment of, or a dividend upon, the debt, out of the separate estate of Wood, in possession of the defendant, his assignee, the assignment being, after certain preferred debts were discharged, for the equal payment of all other creditors rateably. The defendant by his answer admitted all the facts stated in the bill, except that the plaintiff was a purchaser for a valuable consideration, of which he required proof; and he denied that the plaintiff, if a purchaser, was entitled to any dividend or payment out of the separate property of Wood.

The cause was heard at this term upon the bill, answer, and depositions in the case. It was argued by R. W. Greene, for the plaintiff, and by Searle, for the defendant.

For the plaintiff were cited, 1 Atk. 227, and 11 Ves. 413.

[Decree for plaintiff.]

STORY, Circuit Justice. The fact, that there has been a good assignment of the debt to the plaintiff, is sufficiently made out by the evidence. The question then is, whether the plaintiff is entitled to the relief he prays. It is said, that he is not, against the separate creditors of Wood, entitled to a dividend out of the separate estate of Wood, because he owes the money as partner, and not as a separate concern. Now, upon that point the doctrine asserted in the cases at the bar is, that partnership debts are properly payable out of the partnership property, and separate debts out of the separate property, and until the creditors are satisfied, who have claims on the separate estate, partnership creditors shall not be admitted to touch it. Lord Hardwicke, indeed, in Ex parte Hunter, 1 Atk. 223, 227, held a broader doctrine in respect to a debt due for advances from the firm to one of the partners, and thought it ought to be paid out of the partnership funds, pari passu, with the other debts due to the creditors of the firm. It is now unnecessary to say, whether there is more good sense in that, than in the later doctrine of Lord Thurlow, which has been acted upon by Lord Eldon, that all the joint creditors shall first be paid. And it must be taken into consideration, that all these cases arose in bankruptcy, and were in the

exercise of the chancellor's authority in bankruptcy; and the objection is said to have been, that the admission of the debt would require an account to be taken of all the partnership concerns. That might be a good reason for declining the interference in a petition in bankruptcy; but it does not follow, that upon general principles the same rule ought to apply to a bill in equity, especially where there is a general assignment of the party to pay all his debts rateably, and there is, technically speaking, no insolvent act or legal bankruptcy to affect the case.

But waiving all consideration of this point, we are of opinion, that here the money was not drawn out of the partnership funds, as partner. Wood received, and held it in his official capacity, as treasurer, and not as partner. It was delivered to him by the agent of the company under the articles; and the agent drew for it from time to time, as the concerns of the company required. Wood, then, held it, as a stranger or banker would hold it, not for his own account, as partner, but for the company, and by receiving it, he contracted in equity a separate debt to the company, as treasurer, and not as partner; so that it falls within the authority of Ex parte St. Barbe, 11 Ves. 413. See, also, 1 Hov. Supp. 650, note 6; Ex parte Hargreaves, 1 Cox, 440; Ex parte Harris, 2 Ves. & B. 212; Ex parte Yonge, 3 Ves. & B. 31, 34; 1 Cooke, Bankr. Laws, c. 13. A decree must therefore be entered for the plaintiff. The parties, however, admit, that a final decree cannot now be entered; and, unless they agree, let it be referred to a master, to ascertain the fund in the hands of the defendant, and the rateable proportion due to the plaintiff. Decree accordingly.